UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GENEROSA GARROTE,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | No. CV-05-0096-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR ADDITIONAL<br>PROCEEDINGS PURSUANT TO<br>SENTENCE FOUR OF 42 U.S.C.<br>§ 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 16) submitted for disposition without oral argument on December 15, 2005. Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Joanne E. Dantonio represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **REMANDS** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff, 29-years-old at the time of the administrative decision, filed applications for Social Security disability and Supplemental Security Income benefits on May 31, 2001, alleging

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR OF 42 U.S.C. § 405(g) - 1

disability as of January 1, 1999, due to depression, anxiety, frequent migraine headaches, sleep problems, chronic fatigue, paranoia, concentration problems, back pain and dental problems. (Tr. at 130.) Plaintiff had a high school education and past relevant work as a cashier, garment sorter, fast food worker, nursing home attendant, and horticultural nursery worker. Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge R. J. Payne (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded claimant was insured for benefits through December 31, 2003, and had not engaged in substantial gainful activity since 1999. (Tr. at 16, 24.) Plaintiff suffered from severe mental impairments, depression and anxiety and history of asthma, but the impairments were not found to meet the Listings. (Tr. at 19.) The ALJ rejected Plaintiff's testimony as not fully credible. (Tr. at 27.) The ALJ concluded Plaintiff retained the residual capacity to perform a limited range of light exertion and could perform her past relevant work as a garment sorter. Alternatively, the ALJ found Plaintiff could perform other work which exists in significant numbers in the national economy including cannery worker, electronic assembler, house cleaner, laundry worker, document preparer, zipper trimmer, cuff folder, clip-loading machine feeder and adjuster - alarms. (Tr. at 23.) The ALJ concluded Plaintiff was not disabled.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ improperly assessed her mental impairments as non-severe.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 3

last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

### ANALYSIS

Plaintiff contends the ALJ erred when he concluded she did not suffer from severe mental impairments. Plaintiff notes consultant Dr. Bostwick, who testified at the hearing, stated she would have moderate limitations in maintaining social functioning and in her ability to maintain attention and concentration for extended periods, work in coordination with or in proximity of others without being distracted by them, interact appropriately with the general public, travel in unfamiliar places or use public transportation and set realistic goals and make plans independently of others. (Tr. at 510-512.)

The ALJ reviewed Dr. Bostwick's opinion, noting moderate limitations for maintaining attention, concentration for extended

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) - 4

periods, working around others without distraction and interacting with the public. (Tr. at 21.) Nonetheless, the ALJ concluded "all concurring opinion evidence of record, at most, supported limitations for no significant contact with others." (Tr. at 21.) In the hypothetical to the vocation expert, the ALJ included the following:

> [T]he individual would be afflicted with physical and mental symptomatology to include mild to moderate occasional pain, that the individual would take prescription medication for this symptomatology, that the individual would be able to remain reasonably attentive and responsive in a work setting, and would be able to carry out normal work assignments satisfactorily.

(Tr. at 73.) Thus, the moderate limitations noted by Dr. Bostwick were not included.

During his testimony, Dr. Bostwick stated Plaintiff's activities of daily living appeared to be mildly limited, social functioning was moderately limited based on her preference not to be socially involved, and she had mild limitations with respect to maintaining concentration, persistence or pace. Dr. Bostwick further noted she performed very well on the WAIS-3, receiving average index scores which indicated attention and concentration and speed of processing and comprehension were intact on that test. (Tr. at 41.) Additionally, there was no history of any extended decompensation. Finally, Dr. Bostwick noted indications of malingering with a degree so profound that it exceeded simple exaggeration. (Tr. at 39.) In contrast to Dr. Bostwick's oral testimony and notwithstanding the finding of malingering, his written report noted moderate limitations in ability to perform activities, work in coordination with or proximity to others,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR OF 42 U.S.C. § 405(g) - 5

interact appropriately with the general public, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others. (Tr. at 510, 512.)

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether

each alone was sufficiently severe. *See* 42 U.S.C. § 423(d)(2)(B) (Supp. III 1991). The step two inquiry is a *de minimis* screening device to dispose of groundless or frivolous claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-154.

The ALJ's conclusion that Plaintiff's only limitation was working around others is inconsistent with Dr. Bostwick's opinion and, therefore, is not supported by the evidence. Additionally, given the moderate limitations noted by Dr. Bostwick, this court is unable to conclude Plaintiff's mental limitations were non-severe. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED;** the captioned matter is **REMANDED** for additional proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **DENIED**.

3. Any application for attorney fees shall be filed by separate motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Plaintiff.

DATED December 29, 2005.

                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR OF 42 U.S.C. § 405(g) - 7